UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Russell, Jr., | ) C/A No. 4:16-2323-HMH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Holly Scaturo, Director, | ) |
| Mrs. Kimberly Poholchuk, B.M.C. Program Director, | ) |
| Ms. Cynthia Helff, B.M.C., | ) |
| Dr. Kelly Gothard, | ) |
| Dr. Gordon Brown, Psychologist, | ) REPORT AND RECOMMENDATION |
| Dr. Rozanna Trass, Psychologist, | ) |
| Dr. Amy Swan, Psychologist, | ) |
| Ms. Marie Gehle, Evaluator, | ) |
| Dr. Donna Schwartz-Watts, Psychologist, | ) |
| Capt. Frank Abney, P.S.O. Supervisor, | ) |
| Mr. Galen Sanders, Chief Nursing Administrator, | ) |
| Mr. Harold Alexander, R.N., | ) |
| Ms. Charlene Hickman, R.N., | ) |
| Dr. John McGill, Director of Department of Mental Health, | ) |
| Mr. Allen Wilson, Attorney General, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a *pro se* litigant, Bobby Russell, Jr. ("Plaintiff") requesting to proceed *in forma pauperis*. Plaintiff is a civil detainee in the state of South Carolina's Sexually Violent Predator Treatment Program ("SVPTP"), which is administered by the South Carolina Department of Mental Health ("SCDMH"). Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## BACKGROUND

The Plaintiff filed this action under 42 U.S.C. § 1983[1], alleging "[t]he punitive nature of this SVPTP program has steadily become worse, since my arrival in 2011." ECF No.1 at 5. Plaintiff alleges: "I have constantly been punished for others offenses, and locked down. The staff and PSO officers assisted." *Id.* Under the injuries section of the claim form, Plaintiff stated "staff broke my hand, and a patient broke my nose." *Id.* at 6. Plaintiff asks for damages in the amount of $250,000. *Id.* Plaintiff does not specify which Defendants personally performed what action that harmed him. Plaintiff does not provide dates or times of any wrongdoing by any particular Defendant.

On July 1, 2016, the court entered an order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* and giving Plaintiff twenty-one days to bring the case into proper form for service and to answer Local Rule 26.01 Interrogatories. Plaintiff complied with the Order and the case is now in proper form. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed for failure to state a claim on which relief may be granted.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v.*

---

[1] Plaintiff's allegations in regard to the grievance process in the SVPTP are unclear. The Complaint states that there is a grievance procedure, but it did not cover his claims and he did not file a claim. However, when asked what steps to appeal did Plaintiff take, Plaintiff stated "I have addressed the complaints with the [defendants] during our monthly commun[ity] meetings, and was dismissed." ECF 1 at 8. Ordinarily, prisoners are required to exhaust any administrative remedies before filing a § 1983 action under 42 U.S.C. § 1997e("Prison Litigation Reform Act"). However, Plaintiff, as a civilly committed individual, appears to not meet the definition of "prisoner" as contemplated by the PLRA. However, as this case is subject to summary dismissal on other grounds, it is not necessary to reach this issue.

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does

3

not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

The Complaint in this case fails to state a plausible claim against any Defendant because it is conclusory and lacks necessary factual details. Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Further, the plaintiff is obligated to provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do ..." *Id*. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific

time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

Plaintiff's conclusory allegations, like "constantly been punished" and "punitive nature of the program," do not contain any specific facts about who caused the alleged harm, how he/she caused the harm, or when the harm occurred. Even Plaintiff's allegations in regard to his broken hand do not state who broke his hand, the circumstances surrounding the injury to his hand, or when his hand was broken. When the Plaintiff's Complaint lacks such factual details, no plausible claims are stated by the Plaintiff.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted) A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that

5

conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

The Plaintiff here—suing various government officials in their individual capacities and thus seeking to hold the officials personally liable—must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

In addition to failing to state a claim due to a lack of factual allegations, the Plaintiff's Complaint also fails to state a § 1983 claim because Plaintiff did not allege that any of the fifteen Defendants listed had a role in any alleged harms. Using a collective term such as "staff" in making allegations against defendants fails to state a plausible § 1983 claim against specific defendants because the collective term does not name a "person" subject to liability under § 1983. *Brooks v. City of Columbia, S.C.*, 2012 WL 5879434 (Oct. 30, 2012) (internal citation omitted).

Plaintiff names as defendants the Attorney General, the Director of the Department of Mental Health, the Chief Nursing Administrator, the PSO Supervisor, the BMC Program Director, and the Director. No facts are alleged pertaining to these specifically named defendants. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff has not adequately pleaded the supervisory liability exception. Plaintiff has made no particular allegations of any knowledge, personal or subjective, on any supervisor's part of the bare facts in his complaint. None of the supervisory officials named as Defendants can be held liable simply based on their oversight of subordinates here.

Plaintiff fails to state a claim for which relief can be granted. The Complaint lacks necessary facts as to any alleged harms, does not indicate any personal involvement by any specifically named defendant, and does not allege facts to meet the supervisory liability exception.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B).

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 23, 2016
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).